IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL RICHARDSON,  )  <br> )  <br>          Plaintiff,  )  <br> )  <br>     v.  )  <br> )  <br>BOARD OF PAROLE HEARINGS,  )  <br> )  <br>          Defendant.  )  <br>_____) | Case No. C 15-6000 PSG (PR) <br><br> **ORDER OF DISMISSAL** |

Paul Richardson, a California prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] For the reasons stated below, the court dismisses the complaint for failure to state a claim for relief.

**I. DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

---

[1] Richardson has consented to magistrate judge jurisdiction. *See* Docket No. 4.

[2] *See* 28 U.S.C. § 1915A(a).

Case No. C 15-6000 PSG (PR)
ORDER OF DISMISSAL

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Richardson's Claim

On November 14, 2014, a three-judge court in *Coleman v. Brown*, No. 90-cv-520-KJM DAD (PC) (E.D. Cal.), and *Plata v. Brown*, No. C01-1351 TEH (N.D. Cal.), issued an order directing the State to "implement new parole procedures for non-violent second-strikers by January 1, 2015," by creating "a new parole determination process through which non-violent second-strikers will be eligible for parole consideration by the Board of Parole Hearings once they have served 50% of their sentence."[6] As a non-violent second striker who had served at least 50% of his sentence, Richardson was eligible for parole consideration under this *Coleman/Plata* order. On September 10, 2015, the Board of Parole Hearings considered and denied Richardson parole.[7]

Richardson's federal complaint asks this court to compel the Board of Parole Hearings to reassess its denial of Richardson's eligibility for parole, and grant him early release.[8] However, Richardson's complaint fails to state a cognizable claim for relief. First, Richardson does not

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *Plata v. Brown*, No. C01-1351 TEH (N.D. Cal.), Docket No. 2823 at 2.

[7] *See* Docket No. 1 at 2; Docket No. 1-1 at 2, 4; Docket No. 1-2 at 2.

[8] *See* Docket No. 1-2 at 18.

Case No. C 15-6000 PSG (PR)
ORDER OF DISMISSAL

assert that the denial of parole violated any constitutional right.[9]  Second, because Richardson is seeking immediate release, rather than an earlier eligibility review or parole hearing, Richardson's claim must be brought in habeas rather than in civil rights.[10]  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."[11]

## II.  CONCLUSION

This action is DISMISSED for failure to state a claim.

IT IS SO ORDERED.

DATED: __3/16/2016__

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See West*, 487 U.S. at 48.

[10] *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998).

[11] *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011).

Case No. C 15-6000 PSG (PR)
ORDER OF DISMISSAL